UNITED STATES DISTRICT COURT  JS - 6
CENTRAL DISTRICT OF CALIFORNIA  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Catherine Jeang | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**  **(In Chambers) Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs** (filed 8/27/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 29, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.  INTRODUCTION AND BACKGROUND**

Plaintiff R.D. Olson, a general contractor, was sued in Los Angeles Superior Court by LPC Union Apartments, L.P., the developer of a large apartment complex. Mot. at 2; Opp'n at 2-3. In that action (hereinafter "the construction action"), plaintiff cross-complained against subcontractors on the project, including two subcontractors who are insured by defendant insurer Mt. Hawley (hereinafter "defendant"). Mot. at 2.

American Home Assurance Company ("AHAC") is plaintiff's primary insurer. Mot. at 3; Opp'n at 3. AHAC agreed to pay some of plaintiff's litigation costs and to indemnify plaintiff in the construction action. Mot. at 3; Opp'n at 3. On May 21, 2008, AHAC filed suit in Los Angeles County Superior Court against a number of plaintiff's subcontractor's insurers, including defendant, seeking contribution for plaintiff's litigation costs in the construction action (hereinafter "the AHAC contribution action"). Mot. at 3; Opp'n at 3.

On June 27, 2008, defendant Mt. Hawley sued plaintiff, as well as two of plaintiff's sub-contractors who are directly insured by defendant, in the United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

District Court for the Central District of California (hereinafter "the federal action"). Mot. at 4; Opp'n at 4. In the federal action, defendant seeks a declaratory judgment regarding its coverage obligations in the construction action, arguing that plaintiff and its two subcontractors are not entitled to coverage from defendant, due to a condominium exclusion contained in the relevant policy. Mot. at 4; Opp'n at 4. This action is pending before the Honorable George P. Schiavelli. Mot. at 4; Opp'n at 4.

  On July 3, 2008, plaintiff filed the instant action in Los Angeles Superior Court against 18 insurers, including defendant. Plaintiff seeks a declaratory judgment to the effect that the insurers are obligated to indemnify plaintiff for its costs in the construction action, and damages in the amount of the costs that are not reimbursed by AHAC. Mot. at 4; Opp'n at 5.

  On July 21, 2008, the construction action and the AHAC contribution action were deemed to be related and designated as complex cases in Los Angeles Superior Court. Mot. at 3. Also on July 21, 2008, the instant action was deemed related to the construction action, designated as complex, and transferred to the same judicial officer who is presiding over the related cases. Mot. at 5.

  On July 23, 2008, plaintiff filed a motion to dismiss or stay the federal action pending before Judge Schiavelli, on the ground that the three actions then pending in state court – the construction action, the AHAC contribution action, and the instant action – involve the same issues and parties. Mot. at 5; Opp'n at 5; Mot. to Dismiss or Stay (CV 08-04281) at 1. Plaintiff also argued that defendant failed to join AHAC as a necessary party. Mot. to Dismiss or Stay (CV 08-04281) at 1.

  On July 30, 2008, defendant removed the instant action on the basis of diversity jurisdiction. Mot. at 5; Opp'n at 5. In the notice of removal, defendant stated that it was "not aware of the attorneys, agents or representatives of the respective defendant insurers with regard to the State Action," and specified that two of the defendants had not yet been served with the summons and complaint. Notice of Removal ¶¶ 33, 35. The notice of removal also stated:

    Other than 'Does 1 through 100' and Mt. Hawley, co-defendants are
    not joined because defendants have not yet been served, defendants have
    not appeared or responded in the State Action, Mt. Hawley does not have

UNITED STATES DISTRICT COURT    JS - 6
CENTRAL DISTRICT OF CALIFORNIA   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

knowledge of the attorneys, agents or representatives of defendants with respect to the State Action; and/or joinder is impracticable and impossible in light of the number of defendants." Notice of Removal ¶ 36.

On August 7, 2008, counsel for plaintiff and defendant met and conferred concerning plaintiff's contemplated motion to remand. Mot. at 6; Declaration of Mohammed S. Mandegary in Support of Defendant's Opp'n ("Mandegary Decl.") ¶ 19. Plaintiff alleges that it informed defendant at this time that it sought to remand the instant action on the ground that defendant had failed to obtain the consent of all co-defendants, and that plaintiff had learned that certain co-defendants were unwilling to join in the removal. Mot. at 6.

On August 11, 2008, defendant received written confirmation that co-defendant Penn-Star Insurance Company would not consent to removal. Declaration of Stephen N. Goldberg in Support of Plaintiff's Mot. (Goldberg Decl.) ¶ 21; Opp'n at 7. On August 12, 2008, defendant agreed to stipulate to remand the instant action to state court. Goldberg Decl. at 7; Mandegary Decl. at 9. However, the parties disagreed about the content of the stipulation, specifically regarding the issue of whether plaintiff was entitled to attorneys' fees and costs incurred in relation to the removal. Mot. at 7; Mandegary Decl. 38-46. To date, no stipulation to remand has been filed.

Plaintiff filed the instant motion to remand and request for attorneys' fees and costs on August 27, 2008. Plaintiff requests $43,833 in attorneys' fees and costs. Defendant filed an opposition on September 15, 2008. In its opposition, defendant states that it does not oppose remand of the action to state court, but objects to plaintiff's request for attorneys' fees and costs. Opp'n at 1. On September 15, 2008, defendant also filed a request for judicial notice in support of its opposition. A reply was filed on September 22, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

28 U.S.C. 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). However, a finding of bad faith is not required, and the district court has "wide discretion to award attorneys' fees." Gotro v. R & B Realty Group, 69 F.3d 1485, 1487 (9th Cir. 1995).

**III.    DISCUSSION**

    **A.    Removal**

Defendant does not oppose remand of the instant action to state court. Therefore, the Court GRANTS plaintiff's motion to remand.

    **B.    Attorneys' Fees and Costs**

Plaintiff argues that there are "unusual circumstances" that warrant the award of attorneys' fees and costs. Mot. at 9; See Martin, 546 U.S. at 136. In the alternative, plaintiff argues that it is entitled to attorneys' fees because defendant "lacked an objectively reasonable basis for seeking removal." Id.

Plaintiff first argues that "unusual circumstances" justify the award of attorneys' fees and costs. Id. Specifically, plaintiff argues that removal was "a transparent gambit" by defendant to argue to Judge Schiavelli that the federal action, in which plaintiff had a week earlier moved to dismiss or stay on the ground that the same issues were pending in the instant action, should remain in federal court. Mot. at 9. Plaintiff argues that in order to accomplish this goal, defendant "raced too fast to remove," in advance of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

August 10, 2008 deadline for removal, and did not obtain the consent of all defendants.[1] Mot. at 10, 14. Plaintiff alleges that it was unreasonable for defendant to remove the action when it did, when it could have waited to ascertain whether the co-defendants consented to removal. Mot. at 10, 14. Because not all defendants had consented to or joined in the removal, plaintiff argues, defendant's removal was "improper," and designed to "needlessly increase the costs of litigation" and "create judicial inefficiency." Mot at 10-11; See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties").

In addition, plaintiff argues that defendant lacked an "objectively reasonable basis for seeking removal." Mot. at 9; See Martin, 546 U.S. at 136. First, plaintiff argues that defendant's assertion in its notice of removal that it was "not aware of the attorneys, agents or representatives of the respective defendant insurers with regard to the State Action" is not credible. Mot. at 12; See Notice of Removal ¶ 35. Plaintiff argues that defendant is part of a large insurance company group, and therefore should have been able to locate the office of the general counsel for at least a majority of its co-defendants. Mot. at 12. Plaintiff further alleges that defendant never called plaintiff to request the contact information for co-defendants' counsel. Mot. at 12. Moreover, plaintiff alleges that defendant was aware of who counsel was for the parties in the state court action, and that many of the co-defendants in the instant action are parties to that action as well. Mot. at 12-13. Finally, plaintiff alleges that defendant knew who the co-defendants' agents for service of process were, and defendant could have used this information to discover the identities of counsel. Mot. at 13-14.

Defendant, however, argues that it properly exercised its right to remove this action, and therefore attorneys' fees and costs are not warranted. See Opp'n at 9. Specifically, defendant argues that there were exceptional circumstances that excuse its failure to obtain consent from all co-defendants. Opp'n at 10, citing Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992) (stating that "it is within the equitable power of the

---

[1] Plaintiff argues that defendant had until August 10, 2008 to remove, based on the fact that plaintiff served defendant with the complaint on July 11, 2008. Mot. at 14. Defendant, however, argues that it calculated a "conservative deadline" of August 1, 2008 to file its notice of removal, based on the fact that the complaint was first served on a co-defendant on July 3, 2008. Opp'n at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

court to consider . . . exceptional circumstances" preventing consent by all defendants within 30 days).

To support their assertion of exceptional circumstances, defendant argues first that there were seventeen co-defendants and that none had appeared or responded to the complaint when the notice of removal was filed. Opp'n at 11. Defendant further alleges that, prior to July 30, 2008, plaintiff had failed to provide notice regarding the identity of the co-defendants' counsel in the instant action, and that the information was not available on the court docket. Opp'n at 6. Furthermore, defendant argues that it only had names and addresses, but not phone numbers, for the co-defendants' agents of service of process, and that such agents regardless could not have provided consent to removal. Opp'n at 11-12. Defendant also contests plaintiff's assertion that defendant should have known the identities of the attorneys based on the pending state court action, arguing that it was reasonable for defendant to assume that different counsel might be representing the parties in the instant action. Opp'n at 13. Finally, defendant argues that plaintiff delayed nine days, until July 30, 2008, in serving defendants with notice that the instant action had been ruled related to the construction action and the ADHC contribution action, "giving defendants one day to object to the complex case designation," as part of a tactic to force settlement.[2] Opp'n at 14. Defendant alleges that plaintiff's litigation tactics further constitute exceptional circumstances. Opp'n at 14.

In addition, defendant argues that, contrary to plaintiff's assertion, its notice of removal was not improperly brought, because lack of consent at the time of removal may be cured if co-defendants' consent is obtained within the time period for removal. Opp'n at 14-15, citing, e.g., Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (holding that "because [co-defendant's] initial failure to join in the notice of removal was cured when [co-defendant] later joined in the notice, remand on procedural grounds would be an empty formality"); Cucci v. Edwards, 510 F. Supp. 2d 479, 484 (C.D. Cal. 2007) ("even if a served defendant does not properly join in the notice of removal, such a defect can be remedied if the defendant later consents to the removal").

Finally, defendant argues that, even if removal was improper, defendant

---

[2] Plaintiff, however, alleges that he emailed counsel a courtesy copy of the state court order on July 25, 2008. Goldberg Decl. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

nevertheless did not "lack an objectively reasonable basis" for removing the action. Opp'n at 16; See Martin, 546 U.S. at 136. Defendant argues that circumstances made it impossible for it to obtain consent from all co-defendants at the time of removal, and that it clearly explained the absence of co-defendants in the notice of removal. Opp'n at 16. Furthermore, defendant alleges that, because the last defendant was served on July 19, 2008, defendant calculated that it had until August 18, 2008 to obtain consent from all co-defendants to remove, and therefore plaintiff was premature in seeking to remand prior to that date. Opp'n at 19. Defendant alleges that it was not until August 11, 2008, when plaintiff received written confirmation that defendant Penn-Star would not consent to removal, that defendant knew that all defendants would not consent. Opp'n at 7, 22.[3]

In light of defendant's rebuttal of many of plaintiff's arguments, the Court finds that plaintiff has failed to show that "unusual circumstances" warrant the award of attorneys' fees and costs, nor has it shown that defendant "lacked an objectively reasonable basis for seeking removal." See Martin, 546 U.S. at 136. Defendant alleges legitimate reasons for filing its notice of removal that call into question plaintiff's contention that defendant's motivation was to "needlessly increase the costs of litigation" and "create judicial inefficiency." See Mot at 10-11; See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). Furthermore, plaintiff has failed to show that it was objectively unreasonable for defendant to remove without joining all co-defendants in the action, given that defendant was not aware of the identities of all co-defendants' counsel and there is no evidence that defendant was aware at the time of the removal that any defendant was unwilling to join in the removal. See Martin, 546 U.S. at 136.

For the foregoing reasons, the Court DENIES plaintiff's motion for attorneys' fees and costs.[4]

---

[3] However, plaintiff alleges that as of August 6, 2008, defendant was aware that Penn-Star, one of the co-defendants, was unwilling to join the removal. Mot. at 7.

[4] Defendant requests that the Court take judicial notice of the following documents: (1) defendant's complaint filed June 27, 2008 in the federal action; (2) plaintiff's July 23, 2008 motion to dismiss the federal action; (3) defendant's July 30, 2008 notice of removal in the instant action; (4) defendant's August 11, 2008 opposition to plaintiff's motion to dismiss the federal action; (5) plaintiff's August 13, 2008 notice of intent to file motion to remand and to seek actual expenses incurred pursuant to 28 U.S.C. §§ 1447(c);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5013 CAS (FFMx) | Date | September 23, 2008 |
|---|---|---|---|
| Title | R.D. Olson Construction L.P. v. American Safety Indemnity Co., et al. | | |

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand the action to state court.  The Court DENIES plaintiff's request for attorneys' fees and costs.

IT IS SO ORDERED

                                                                                        :
                                Initials of Preparer

---

(6) an August 12, 2008 substitution of attorney served upon defendant by Liberty Mutual Fire Insurance in the AHAC contribution action; and (7) plaintiff's August 27, 2008 motion to remand in the instant action.

Plaintiff objects to the Court taking judicial notice of defendant's August 11, 2008 opposition to plaintiff's motion to dismiss the federal action and the August 12, 2008 substitution of attorney served upon defendant by Liberty Mutual Fire Insurance in the AHAC contribution action, on the ground that they are irrelevant.

Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986).  As such, judicial notice is proper, and the Court takes judicial notice that these court filings were made.  However, the Court does not take judicial notice of the truth of the matters asserted therein.  Furthermore, the Court need not take judicial notice of defendant's July 30, 2008 notice of removal, plaintiff's August 13, 2008 notice of intent, and plaintiff's August 27, 2008 motion to remand, as they were filed in the instant action.

Plaintiff also objects to certain statements made by declarants Mary E. McPherson and Mohammed S. Mandegary in their declarations in support of Defendant's Opposition.  See Plaintiff's Evidentiary Objections at 1-4.  Because the Court does not rely on these statements herein, the Court overrules plaintiff's objections as moot.